# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED AND FILED

MAR - 6 2026

JENNIFER P. LYONS, CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| IYASSU SMALL | |
| Plaintiff, | |
| v. | |
| KEVIN JOYCE SHERRIF; | CASE NO: 2:19-cv- 118-JAW |
| LT. SCOTT JORDAN; | |
| MAINE DEPARTMENT OF CORRECTIONS; | |
| MAINE DRUG ENFORCEMENT AGENCY; | |
| MICHAEL LYON, probation officer; | |
| ALICIA SMITH, Probation officer; | |
| AUSTIN CLARK, MDEA agent; | |
| JOHANNA Gavureau, AAG | |
| Defendants. | |

## COMPLAINT (JURY TRIAL REQUESTED)

NOW COMES Plaintiff Iyassu Small PRO SE Litigant and complain as follows:

### INTRODUCTION

2

1. On January 8, 2019, S/A Austin Clark from the Maine Drug Enforcement Agency, called Michael Lyon from the Department of Probation requesting for an arrest warrant for Plaintiff, Iyassu Small, despite he not actually being under custody, care or Jurisdiction of the department of Maine Probation, however, Michael Lyon agreed for an arrest warrant for violation of probation for committing a new crime; following a criminal complaint alleging (3), counts of class A. Aggravated Trafficking in schedule drugs by S/A MDEA, Austin Clark, and a motion for no bail under the criminal complaint CUMCD- CR-191, drafted by AAG, Johanna Gauvreau in a sum of 25,000.

2. On January 18, 2019, Plaintiff was arrested by MDEA, In conjunction with the Department of Probation at the YMCA on Forest ave. Portland, Maine 04101. The plaintiff was escorted to Cumberland County Jail by the Portland Police Department.

3. Following the arrest, The Plaintiff was held for thirty seven months, without a valid indictment returned from a grand jury that is supported by the record. In sum,
    Plaintiff was subjected to unconstitutional conditions of confinement at the Cumberland County Jail (CCJ), carried out Jointly by state and county officials between January 2019-February 17, 2022.

3

On January 19, 2023, Plaintiff Iyassu Small, filed a complaint in the Superior Court of Cumberland County under docket record CV-23-2003, alleging Civil Rights violations under the Maine Tort Claim Act.

4. On February 12, 2026, The Maine Supreme Judicial Court, recently affirmed dismissal of Plaintiffs state court civil action under docket Cum-25-159, on pleadings and summary- judgement standards, but did not adjudicate the merits of plaintiffs Federal constitutional claims. However, Plaintiff now bring those claims properly before this Court; and Federal Court has original Jurisdiction, pursuant to title 28 U.S.C. 1331. Plaintiff asserts violations of the Fourth and Fourteenth Amendment to the U.S. Constitution; Maine Constitution; and Civil Rights Act (MCRA) 5, 4682. Also, Civil Rights Jurisdiction pursuant to 28 U.S.C. 1343(a)(3)-(4), which grants original jurisdiction over actions seeking redress for the deprivation of constitutional rights under color of state law. The Supreme Judicial Court failed to address the merits and failed to provide a remedy; and a dismissal for failure to state a claim and for " conclusory allegations" is not a judgement on the merits for purposes of claim preclusion. Moreover,

The Rooker-Feldman doctrine does not apply because Plaintiff is not seeking review, reversal, or modification of any state- court judgement; also no Collateral Estoppel does not apply the issues were not actually litigated, nor actually decided and which is essential to the judgement: state court had not decided Federal claims. (No Res Judicata); A dismissal for "conclusory allegations " is not a merit decision, so essentially Res Judicata does NOT bar addressing constitutional violations under 42 U.S.C. 1983 case in Federal District Court.

## PARTIES

5. Plaintiff Iyassu Small resides in Portland, Maine.

6. Defendant Cumberland County is a Maine Political subdivision responsible for operating the Cumberland County Jail.

7. Defendant Sheriff Kevin Joyce, is the Cumberland County Sheriff and is responsible for Cumberland County Jail operations, policies, and supervision. He is a party in this suit only in his official capacity.

8. Defendant LT. Scott Jordan, is a Supervisory officer employed by Cumberland County Jail, and He's directly involved in Plaintiff 's detention conditions.

9. Defendant's Maine Drug Enforcement Agency; & Department of Probation; contributed to Plaintiff's unlawful detention by initiating and maintaining holds or charges without lawful basis;

10. Defendant Alicia Smith, Probation officer at all relevant times acted under the color of state law;

11. Defendant Michael Lyon, Probation officer at all relevant times acted under the color of state law;

12. Defendant Austin Clark S/A MDEA, at all relevant times acted under the color of state law;

13. Defendant Johanna Guvreau AAG, at all relevant times acted under the color of state law.

14. Defendant City of Portland is a municipal entity subject to suit under 42 U.S.C. 1983. The constitutional violations described herein were caused by the city's Policies, customs, practices and failure in training, supervision and discipline.

5

## JURISDICTION AND VENUE

15. Because this action is brought pursuant to 42 U.S.C. 1983, 1988, and the Fourth and Fourteenth amendment, to the United States Constitution federal-question jurisdiction is appropriate under 28 U.S.C. 1331 and 1343. The Court has supplemental jurisdiction over Iyassu state law claims pursuant to 28 U.S.C.1367. Venue is proper under 28 U.S.C. 1391 (b) because all events occurred in the District of Maine and all Defendants reside or operate within this District. In this case, Plaintiff seeks compensatory damages, punitive damages, declaratory relief, injunctive relief, and attorney's fees Pursuant to title 42 U.S.C. 1988, all of which fall within the court's jurisdiction.

## GENERAL ALLEGATIONS

16. At approximately 12:00 on Friday January 18, 2019, Iyassu was arrested by a combination of Portland Police department MDEA AGENTS and Department of Probation officers, at the YMCA in Portland Maine. Ultimately, Plaintiff Iyassu Small was transferred to Cumberland County Jail 50 Countyway Portland, Maine 04102

17. The arrest was conducted without probable Cause, without a valid warrant, and based on unverified or fabricated allegations, Defendants Alicia Smith, Michael Lyon, Austin Clark, and Johanna Guaverau, participated in initiating charges and detaining Plaintiff without lawful basis.

6

18. Following the arrest Plaintiff was held in Cumberland County Jail for 3 years, no indictment returned, and Defendants continued to detain Plaintiff without legal justification; and the prolonged detention Plaintiff suffered still has psychological affect mental and emotional distress.

19. While detained in the Cumberland County Jail, conditions of confinement Plaintiff endured inhumane and punitive conditions that were influenced by racial motives that included:

- Denial of medical care, after being tased
- Retaliation for filling grievances
- Isolation in solitary confinement
- Defendants Joyce, and Jordan deliberate indifference
- Plaintiff engaged in 41 day hunger strike to protest racist behavior by CCJ staff and unlawful detention

20. As a result, Plaintiff has suffered significant physical and emotional harm.

21. <u>Defendants Acted with Malice and Reckless Disregard For Plaintiff Constitutional Rights</u>:

Defendant Sheriff, KEVIN JOYCE, responsible for CCJ. operations policies, training, and supervision, and failed to take Plaintiff to the hospital following being tased by an officer he supervises.

Defendant LT. SCOTT JORDAN, Tased Iyassu Plaintiff While being a pretrial Detainee at the CCJ, violation being assaulted racially motivated conduct to control, intimidate, and scare Plaintiff who was under his care custody and Control.

7

Defendant MDEA AGENT AUSTIN CLARK, Criminal Complaint of alleged sale to Confidential Informant, alleging( 3), class A crimes of up to 30 years, despite knowing these allegations had not existed.

Defendant AAG Jhonna GAUVREAU, File document with the court for no bail knowing it lacked merit, maintained charges against Plaintiff without Probable Cause, despite Plaintiff filing legal valid documents to get out on its merits. AAG Gauvreau, disregarded the motions and maintained detention of Plaintiff.

Defendant Michael Lyon, Probation Officer, engaged in misconduct, filing an arrest warrant for a violation of Probation to hold plaintiff in custody, and without giving Plaintiff a hearing for 3, years despite Plaintiff who supervision and Probation were n't under HIS, Nor, the Department of Probation in Maine Control.

Defendant Alicia Smith, Probation officer worked in concert with the MDEA, in" bad-faith" to have Plaintiff detained at the YMCA; and despite her knowledge firsthand that the charging documents were fictitious, as HER being Plaintiffs ex- probation officer from November 6 2016, until July 4, 2017.

<u>RACIALLY MOTIVATED CONDUCT</u>

22. In October 2019, while on attorney visit, Plaintiff disagreed under client/ lawyer privilege, in the visiting room at CCJ. Following the disagreement three officers were in attendance to diffuse a Lawyer/ Client disagreement then

8

the officers, proceed to put Plaintiff in cuffs, however, plaintiff question the officers on why he is being hand cuffed, there were no one injured nor, an act of violence occurred, and for Plaintiff to be in cuffs that would mean he committed a violation of the rules and regulation of the Jail, however, that was not the case. In retrospect, the decision was not the best choice for Defendant LT.Scott Jordan appeared and said clear with a taser in his hand the officers-

retreated then I heard boom, and hit the floor blacked out for some time, and woke up to c/o Seybeastin over me breathing softly trying to revive me, along with LT. Mowatt. Plaintiff was carried to the restraint chair in cuffs while they forcefully moved the strobes from Plaintiff's stomach Plaintiff requested to go to the hospital and was placed in Special Housing Unit(SHU).

COUNT 1- 42 U.S.C. 1983, 5 M.R.S. 4682, Excessive Force
(LT, Scott Jordan)

23. Plaintiff repeats and realleges every other paragraph in this Complaint

At all relevant times, Iyassu was a Pre-trial detainee protected from the use of excessive force by the Fourth and Fourteenth Amendment of the United States Constitution and Section 5 and 6-A of the Maine Constitution.

23. DefendantLT. Jordan used excessive force and used a taser on a pre-trial detainee, following entering the 10 by 12 room where there were 3 other officers inside Defendant LT. Jordan failed to take precautionary measures, and was racially motivated with reckless regard, and deployed his taser to

intentionally punish plaintiff for a lawyer -client disagreement in a maximum security facility of control movement in the Cumberland County Jail.

24. CCJ. The procedure for extracting a combative inmate involves a team of 5 guards in protective gear and a video camera. LT. Jordan ignored these rules and guidelines because Plaintiff was not combative, and he took matters into his own hands and assaulted a pretrial detainee who was unarmed and posed no threat to staff or himself.

25. WHEREFORE, Plaintiff IyassuSmall respectfully requests that the Court enter Judgement against Defendant LT. Scott Jordan on count 1 and awarded him actual and punitive damages in an amount to be proven at trial, costs , interest attorney fees and any other relief the court deems Just and equitable.

COUNT II- 42 U,S.C. 1983, 5 M.R.S. 4682, Municipal Liability
( Cumberland County, City of Portland, Sheriff, Kevin Joyce Official Capacity

26. Plaintiff repeats and realizes every other paragraph in this complaint both Cumberland County Jail policies and procedures regarding the use of tasers and its Taser program failed to protect Pre-trial detainees from constitutional violations. The city of Portland and Cumberland County maintained unconstitutional policies and practices that caused plaintiffs injuries.

27. WHEREFORE, Plaintiff Iyassu Small respectfully requests the Court enter Judgement against Defendants City Of Portland, Cumberland County and Sheriff Kevin Joyce in his official capacity on count II. And award him actual and punitive

damages in an amount to be proven at trial, costs, interest, attorney fees, and any other relief the court deems just and equitable.

### COUNT III. 42 U.S.C.1983, 5 M.R.S. 4682, Malicious Prosecution
(AAG, Gauvreau, MDEA, Clark, P.O. Lyon, P.O. Smith)
Maine Drug Enforcement Agency,& Department of Probation

28. Plaintiff repeats and realleges every other paragraph in this Complaint, that he was Protected by U.S. and of the Maine Constitution to be free from unlawful seizure, these Defendants initiated and continued criminal proceedings without probable cause, and with malice. Defendants MDEA in conjunction with the Department of Probation contributed to Plaintiffs unlawful detention for a prolonged period without an indictment. On July 21, 2019, Honorable Judge Warren reiterated in open court that the criminal case lacked an indictment under CUMCD-CR-191, AAG, Gauvreau was present at the proceeding; and continued criminal docket for (31), months prior to the existence on the record ,however, a criminal case that was dismissed in favor of the Plaintiff on February 17, 2022. These Defendants,

    Acted under color of state law in the arrest and detention of Plaintiff.

WHEREFORE, Plaintiff Iyassu Small respectfully requests that the Court enter Judgement against Defendant AAG, Gauvreau, MDEA, Austin Clark, P.O. Michael Lyon, Alicia Smith, and MDEA & DOC, in count III and award him actual and punitive damages in the amount to be proven at trial, cost, interest, attorney fees and any other relief the court deems Just.

29. COUNT IV. 42 U.S.C. 1983 Deliberate indifference to Medical needs
   (Sheriff, Kevin Joyce LT. Scott Jordan in their official capacity, Cumberland County)

Case 2:26-cv-00118-JAW   Document 1   Filed 03/06/26   Page 10 of 20   PageID #: 10

30. Plaintiff repeats and realleges every other paragraph in the complaint. In October 2019, Defendant LT. Jordan deployed a taser even though Plaintiff posed no threat to staff or himself this malicious act was "racially motivated " being that Plaintiff was unarmed not resisting and there were no violence involved, however, Plaintiff blacked out for a minute before being revived, and before being designated to special housing unit despite not committing a violation of the rules and regulations of the jail. Although, Plaintiff repeatedly requested for medical attention, which was unfeasible, however, CCJ, Officers visited Plaintiff in (SHU), to make fun of the matter by saying: "Smalls I heard you rode the lighting". Supervisory Defendant KevinJoyce failure to ensure Plaintiff's health be a number one priority, by being Medically screened by a physician following being tased, in this case, the cover up was more important than Plaintiffs health. The systematic failure under Defendant Kevin Joyce in the City of Portland and Cumberland County maintained policies and practices that were the moving force behind the constitutional violations to Pretrial detainees and failed to correct known patterns of misconduct and was consistent with:

- Failure to discipline officers
- Unconstitutional detention practices
- Inadequate training on use of force
- Deliberate indifferent to detainees medical needs

For example:

31. In 2021, John Kutla a white male was assaulted by CCJ staff excessive force as a result, suffered a broken nose and was shipped to the hospital, SheriffKevin Joyce issued a news press release blaming one of His employees for assaulting an inmate.

32, In contrast, Defendant Sheriff Kevin Joyce, selectively denied Plaintiff Pre trial detainee a "sufficiently Serious " medical need that he was aware of, Knowing Defendant LT. Scott Jordan actions could have major ramifications, typically negative impact on Cumberland County Jail. Defendant Sheriff Joyce excluded/dismissed Plaintiff 's medical needs following being tased; and treated the taser deployment as if it were routine. This a direct failure to follow Cumberland County Jail protocol, which mandates medical assessment after any Taser deployment.

33. As a result of Defendants actions, Plaintiff suffered emotional distress and ongoing Psychological trauma.

## PEACEFUL HUNGER STRIKE

34. In January 2022, Defendant LT. Scott Jordan, opened Plaintiff cell and handcuffed and placed him in SHU, for no apparent reason did not write an incident report. Plaintiff had endured a (racial culture ),at the CCJ, for 3 years Officers participated directly or indirectly to intimidate, and punish Plaintiff. Emotional distress intense mental suffering, Plaintiff underwent; intentional misconduct these Jailors "were all in together" to make Plaintiff life miserable at all four corners of the square, no matter what corner I went to were denied everything and met with disapproval and disrespect; CCJ lacked diversity challenges in communication, supervision issues, and improving problem-solving capabilities. In 2020, Plaintiff requested a transfer to a different Jail due to Covid 19, and the unnecessary detention issues at CCJ, to Honorable Federal

13

Judge Nivison of the District Court of Maine, And he respectfully honored Plaintiff's Motion. However, on this date when Defendant Scott Jordan designated Plaintiff in SHU; Plaintiff engaged in a "peaceful Hunger strike" which lasted 41 days. The strike,

   was a protest against the jailers' conduct, the dire conditions and harsh treatment to Plaintiff, which became inevitable; and the municipality policies and supervision caused the Plaintiff's constitutional violations

WHEREFORE, Plaintiff respectfully requests that the court enter judgment against County Defendants Sheriff Kevin Joyce and LT. Scott Jordan on count IV and award him actual and punitive damages in amount to be proven at trial, costs, interest, attorney fees and other relief the court deems just and equitable.

35. Count V 42 U.S.C. 1983, 5 M.R.S. 4682, Interference with Constitutional Rights (P.O. Alicia Smith, P.O. Michael Lyon, MDEA, Austin Clark, AAG Johanna Gauvreau )

36. Plaintiff repeats and realleges every other paragraph in this complaint that Defendants acted under the color of state law. On July 4, 2017, Plaintiff transferred Probation to the state of NY, following a violation of probation for address purposes probation officer at the time Alicia Smith. Plaintiff's Probation and supervision is under Interstate Commission for Adult Supervision (ICAOS). Plaintiff's Probation to terminate January 11, 2019.

37. On January 8, 2019, three days before Plaintiff's probation to termination MDEA Clark, P.O. Lyon, and AAG, Gauvreau, intentionally, interfere, with Plaintiff

constitutional rights, to be free, by knowingly including false information in a warrant application (affidavit) motion for bail by force, intimidation, and oppression.

38. Under Maine Law, Title. 1 M.R.S. 1, the jurisdiction and sovereignty of the state extend to all places within its boundaries, therefore, Plaintiff's supervision, residence,nor jurisdiction for any other reason recognized by law of the state could have committed a crime; (state defendants) took the initiative to file unsupportive documents within the court. In addition to, Plaintiff not being in the

state of Maine for (18) months, prior to the filing on January 8, 2019, three days before the termination of Probation on January 11, 2019.

39. On January 18, 2019 Department of Probation Alicia Smith, and Maine Drug Enforcement Agency, Austin Clark, ambushed Plaintiff at the YMCA, unbeknownst to Plaintiff of an arrest warrant ten days following termination of Probation.

40. In this case, Plaintiff repeats and realleges state Defendants Conduct constitutes force, intimidation, and interference with constitutional rights. As a result, of the (state defendants); actions
Plaintiff suffered physical injury, emotional distress, reputational harm and ongoing damages.

WHEREFORE, Plaintiff respectfully requests that the court enter judgement against the State Defendants: AAG, Gauvreau, MDEA, Clark, P.O. Smith, P.O. Lyon on count V and award him actual punitive damages in the amount to proven

15

at trial, cost, interest, attorney fees, and any other relief the court deems just and equitable.

## RACIAL DISPARITIES IN MAINE CRIMINAL JUSTICE SYSTEM

41. While Maine's population is overwhelmingly white, Black individuals are significantly skewed in the criminal Justice system. In Maine between 2018 and 2022, Black residents were significantly overrepresented in the state carceral system despite making up only about 1.8% to 2% of the general population, and in drug related cases Black residents accounted for 21% of class A crimes and has a penalty of up to 30 years according to the ACLU of Maine.

42. The recent data highlights significant racial gaps in how cases are enforced, despite similar usage rates between racial groups, which indicates that Black individuals are significantly more likely to be arrested for serious drug felonies compared to white individuals according to the ACLU of Maine.

43. The Racial Disparities in Arrest and Charges; display that Black individuals in Maine are 3.5 times more likely to be arrested for drug possession than White Individuals despite similar usage rate, Black people accounted for 23% of Class A felony sentences as opposed to White Individuals according to the ACLU of Maine.

## STATEMENT OF FACTS

44. In this case, state defendants' misconduct contained statements that were knowingly inaccurate and omitted exculpatory facts. And misrepresented Plaintiffs conduct in a manner designed to create the appearance of probable cause where none existed.

45. At all relevant times, the state defendants acted under color of law, failed to conduct any meaningful investigations, instead relying on unverified allegations and assumptions that were inconsistent with the actual circumstances.

46. At all relevant times, the state defendants acted under color of law to fabricate underlying allegations that were unsupported by factual documents to justify Plaintiffs arrest.

47. At all relevant times. The state defendants acted under color of law to deprive Plaintiff of liberty and subjected him to a (3), year unlawful incarceration that lacked any lawful basis relying entirely on the defective arrest warrant and complaint.

48. At all relevant times, Plaintiff was a pretrial detainee in the care custody, and supervision of CCJ, and was unlawfully held at the Cumberland County Jail as a pretrial detainee, the right to be free from excessive force and retributive treatment.

49. At all relevant times, Plaintiff was a pretrial detainee in the care, custody, supervision ,while in custody at Cumberland County Jail, and was subjected to a

vicious and unjustified taser deployment, by Defendant LT. Scott Jordan, the taser was used while Plaintiff was unarmed, restrained, and not posing a threat to staff or other detainees.

50. At all relevant times, Plaintiff was a pretrial detainee, in the care, custody, and supervision of Cumberland County Jail, as a result of the taser deployment Plaintiff, collapse, and experience intense pain, and suffered migraine despite Defendant Sheriff Kevin Joyce failure to provide medical evaluation or treatment, contrary to standard correctional procedures.

51. At all relevant times Plaintiff was a pretrial detainee, in the care, custody, and supervision at the Cumberland County Jail. Following the taser incident and the ongoing mistreatment by Cumberland County staff, Plaintiff's only alternative was to initiate a "hunger strike" as a form of protest against unconstitutional conditions of confinement.

52. At all relevant times Plaintiff was a pretrial detainee in the care, custody and supervision, at the Cumberland County Jail, as a direct result of the Defendants Sheriff Kevin Joyce and LT. Scott Jordan actions and omissions, Plaintiff suffered physical injury and emotional distress. The jail environment was marked by a racially hostile atmosphere including racially charged comments.

## CUMBERLAND COUNTY SYSTEMIC OPERATIONAL FAILURES

53. In short, the Cumberland County Jail has an avalanche of misconduct associated under Defendant Sheriff Kevin Joyce regime in support hereof Plaintiff furtherstates:

    1. In 2012, ACLU, alleged that two guards Glenn MacDonald and Steven Pyles brutally beat and pepper sprayed an inmate(Recinos Case).

Case 2:26-cv-00118-JAW   Document 1   Filed 03/06/26   Page 18 of 20   PageID #: 18

18

2. In 2015, Maddocks v. CCJ, excessive force of a detainee subjected to unconstitutional conditions during an overnight stay at the jail.

3. In 2015, an officer at Cumberland County Jail used a prohibited "choke hold" to render an inmate unconscious that was reported( CCJ, jail brutality.) The jail's use of force policies displayed sufficient evidence that the complaint was valid by the Maine SupremeJudicial Court of Maine which granted the case to go to trial in 2016.

4. In 2018, CCJ jailors handcuffed a pregnant women while transferring her from a pre- release center back to the main jail, which violated Maine state law as she posed no security risk, and when it was time to give birth

Two officers took turns: Sam DIckey & Daniel Haskell, watching the lady inmate give birth following a female officer well-informed them they could not be present when the lady gave birth.

4. In 2019, James Harriman, correction officer of Cumberland County Jail, used racial slur (N-word) to an inmate that was non- white during an argument over the mattress.

5. On July 7, 2020, correction officer Thompson assaulted inmate John Katula breaking his nose; the incident was caught on surveillance video and appeared to be excessive force.

6. In 2014, correction officer John Stein dragged an inmate for 127 feet. Justices of the Supreme Court criticize the act as "gross deviation" from professional standards and excessive force.

19

## DAMAGES

54, As a direct proximate result of the Defendants actions , Plaintiff suffered the following injuries and damages:

- Pain mentally and physically psychological grief neurological effects;
- Severe emotional distress
- Loss of liberty
- Reputational harm
- Future economic harm
- Punitive damages against individual Defendants
- Defendant's conduct was malicious, reckless, oppressive

## PRAYER FOR RELIEF

55, WHEREFORE, Plaintiff respectfully request that this court enter judgement in his favor and award the following relief:

1. Compensatory damages for physical injury, emotional distress, loss of liberty, reputational harm, and economic losses.

2. Punitive damages against the individual defendants for their malicious, reckless, and oppressive conduct.

3. Declaratory relief stating the Defendant's actions violated plaintiffs constitutional rights,

20

4. Injunctive relief Prohibiting Defendants and their agencies from engaging in similar unconstitutional conduct in the future.

5. Attorney's fees and costs pursuant to 42 U.S.C. 1988

56. WHEREFORE, Plaintiff IYASSU SMALL, respectfully requests that the Court enter judgement against State and County Defendants which are co-defendants in this matter on all counts in the complaint actual and punitive damages in the amount to be proven at trial. Cost, interest, attorney fees, and any other relief the court deems Just and equitable.

b

STATE OF MAINE